**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**JULIE K. THURSTON,**

        **Plaintiff,**

      **vs.**                               **Civil Action 2:11-CV-204
                                           Judge Smith
                                           Magistrate Judge**


**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**


<u>**ORDER**</u>


       Plaintiff applied for disability insurance benefits and supplemental security income. After an administrative hearing before an administrative law judge, the Commissioner of Social Security denied plaintiff's applications. This action seeks review of that decision under 42 U.S.C. § 405(g). On January 24, 2012, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed. *Report and Recommendation*, Doc. No. 21. This matter is now before the Court on plaintiff's objections to that recommendation. *Objection*, Doc. No. 22. The Commissioner has filed a response. *Response,* Doc. No. 23. Having considered the matter *de novo*, *see* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b), the Court **AFFIRMS** the recommendation of the Magistrate Judge.

       Plaintiff suffers a number of severe impairments, but it is her diagnosed narcolepsy – and the treatment of that condition by Maureen Delphia, M.D. – that forms the basis of plaintiff's objections. Dr. Delphia has treated plaintiff's narcolepsy from 2003 through 2009. Dr. Delphia initially

prescribed Ritalin, a stimulant, 20 mg., four times per day, *see Page ID##* 471, 485, 466, 518,[1] but later increased the prescribed dosage to 20 mg., five times per day. *See Page ID##* 599, 598. Dr. Delphia has opined on more than one occasion that plaintiff's narcolepsy is permanent and that plaintiff is disabled by the condition. *See Page ID##* 487, 517. In March 2009, Dr. Delphia completed an extremely restrictive residual functional capacity assessment in which she indicated, *inter alia*, that plaintiff would need to take unscheduled, 1 hour breaks more than 10 times per workday because of her narcolepsy. *Page ID#* 582.

The administrative law judge found that Dr. Delphia's opinions of disability and restrictive residual functional capacity assessment are "<u>less persuasive</u>," Page ID# 67 (emphasis in original) because they are inconsistent "with her own findings, specifically having no restriction in driving and able to walk several city blocks without rest or severe pain . . . and that Ritalin 20 mg four times per day does seem to work." *Id.* The administrative law judge credited Dr. Delphia's March 2009 residual functional capacity assessment "to the extent that it is consistent with the residual functional capacity findings of" the administrative law judge. *Id.* The Magistrate Judge concluded that the decision of the administrative law judge in this regard applied all appropriate standards and enjoyed substantial support in the record. Plaintiff objects to both conclusions.

Plaintiff specifically contends that Dr. Delphia's opinions are entitled to controlling weight. This Court concludes that the administrative law judge gave "good reasons," *see Blakley v. Comm'r of Soc. Sec.,* 481 F.3d 399, 406 (6th Cir. 2009); 20 C.F.R. §§ 404.1527(d), 416.927(d), for finding that Dr. Delphia's opinions were "less persuasive." As the administrative law judge found, Dr. Delphia's opinions were inconsistent with her own repeated comments that prescribed medication was

---

[1] In her objections, plaintiff makes much of the fact that the page citations utilized by the Magistrate Judge do not conform to the pagination utilized by the Commissioner in the administrative record, which was filed electronically. The pagination utilized by the Court is that reflected in the Court's electronic filing system.

effective. *See, e.g., Page ID##* 492 ("more alert during the day" in 2003), 471 (Ritalin kept plaintiff awake during the day in 2005), 485 (plaintiff sometimes took less than the prescribed dose in 2007), 518 (Ritalin "does seem to work" in 2008), 599 (Ritalin "does seem to help with daytime alertness" in April 2009), 598 (Ritalin "still working" in October 2009).  As the administrative law judge also noted, Dr. Delphia expressly indicated at one point in the record that plaintiff would have no restriction on her driving.  *See Page ID#* 582.  Although plaintiff now argues for the first time that this must have been a typographical error on the part of Dr. Delphia, the fact remains that, as the administrative law judge noted, Dr. Delphia's records contain inconsistencies.  As the Magistrate Judge noted, the fact that plaintiff's narcolepsy is documented in the record and is, according to Dr. Delphia, permanent says nothing as to the disabling severity of the condition.  *See Higgs v. Bowen*, 880 F.3d 860, 863 (6th Cir. 1988).

Plaintiff also argues that, after failing to accord controlling weight to Dr. Delphia's opinions of disability, the administrative law judge failed to consider the factors required by the Commissioner's regulations in assessing the opinions of treating providers.  *See* 20 C.F.R. §§ 404.1527(d)(2)-(6); 416.927(d)(2)-(6).  However, a fair reading of the administrative decision makes clear that the administrative law judge considered the required factors.  For example, the administrative decision indicates that Dr. Delphia has treated plaintiff for a number of years, *see Page ID#* 67, and references to treatment notes, *e.g., Page ID#* 66, confirm that Dr. Delphia saw plaintiff several times per year.  As noted *supra*, the administrative law judge offered reasons for her express finding that Dr. Delphia's opinions were not entirely supportable.

In short, this Court agrees that, in failing to give controlling weight to the opinions of Dr. Delphia, the Commissioner applied all appropriate standards and based the administrative decision on substantial evidence in the record.  Under these circumstances, this Court must affirm the decision of the Commissioner.

3

Plaintiff's objections to the *Report and Recommendation* are **DENIED**.  The *Report and Recommendation* is **ADOPTED AND AFFIRMED**.  The decision of the Commissioner of Social Security is **AFFIRMED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to 42 U.S.C. §405(g).


IT IS SO ORDERED.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**